UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| MARK A. MARION, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:06-CV-268 |
| | ) | | (VARLAN/SHIRLEY) |
| BRIAN Q. CONLEY, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION**

This civil action is before the Court on defendant's Motion to Dismiss for Improper Venue and/or in the Alternative, for Lack of Jurisdiction [Doc. 2] in which defendant asserts that this case must be dismissed because the Eastern District of Tennessee is the improper venue for this action and the Court lacks subject matter jurisdiction over plaintiff's claims. No response or opposition to the pending motion has been filed and the time for doing so has passed. *See* L.R. 7.1(a), 7.2.

Plaintiff Mark Marion has asserted a claim for personal injuries arising from a motor vehicle accident in Houston, Texas on July 12, 2004. [Doc. 1 at ¶ 2.] Plaintiff claims that he suffered injuries as a result of an accident between his car and a car driven by defendant Brian Conley. [*Id.* at ¶ 3.] In his complaint, plaintiff admits that the accident in question occurred in Houston, Texas [*id.*] and that defendant was a resident of Texas at the time of the accident and at the time the case was filed [*id.* at ¶ 1]. According to the complaint, plaintiff filed this case in federal district court on the basis of diversity of citizenship and in the

Eastern District of Tennessee specifically because plaintiff is a resident of Knoxville, Tennessee and received most of his medical treatment following the accident in Knoxville. [*Id.*]

Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(1) and (3). Rule 12(b)(3) permits dismissal of a lawsuit for improper venue. In considering a Rule 12(b)(3) motion to dismiss, "the plaintiff bears the burden of proving that venue is proper," *Audi AG & Volkswagen of America, Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002), but the court "must consider the pleadings and affidavits in the light most favorable to the plaintiff." *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). Ultimately, "[w]hether to dismiss or transfer is within the district court's sound discretion...." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

For cases such as this one where jurisdiction is founded on diversity of citizenship, Congress has indicated that venue is proper only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a). Defendant moves for dismissal on the grounds that he does not reside in Tennessee and that no substantial part of the events giving rise to plaintiff's claims occurred in this district. It is undisputed that defendant is not a resident of the Eastern District of Tennessee, nor did the accident at issue occur in the Eastern District of Tennessee. [Doc. 1 at ¶¶ 1-2.] Accordingly, the Court finds that venue is improper in the Eastern District of Tennessee because defendant does not reside here and no substantial events or omissions occurred here.

Therefore, the Court grants defendant's Motion to Dismiss for Improper Venue and/or in the Alternative, for Lack of Jurisdiction [Doc. 2] and this case will be dismissed without prejudice. Because venue is improper, the Court need not address defendant's argument that the Court lacks subject matter jurisdiction over plaintiff's claims.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE